FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. 8/7/12

★ AUG 06 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
HISHAM A. KHALEEL,

        Plaintiff,

-against-

FJC SECURITY SERVICES, INC.,

        Defendants.
------------------------------------------------------------- X

10-CV-5030 (ARR) (JMA)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On October 25, 2010, Hisham A. Khaleel ("plaintiff"), proceeding pro se, filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). He alleges that FJC Security Services, Inc. ("defendant" or "FJC") unlawfully discriminated against him on the basis of his "race, color, national origin, cultures, creed, political affiliate & events, age . . . etc." Compl. (Dkt. No. 1) at 1. Defendant has moved to dismiss plaintiff's complaint. Because the papers submitted by defendant demonstrate that defendant is entitled to judgment as a matter of law, the court converts defendant's motion into one for summary judgment, see Fed. R. Civ. P. 12(d), 56, and dismisses the case with prejudice.

## BACKGROUND[1]

The court construes plaintiff's complaint liberally as asserting that defendant unlawfully discriminated against him when it decided not to hire him. By an application dated June 18, 2008, plaintiff applied to work as a security guard at FJC, a privately owned security services company in the New York Metropolitan Area. Aff. Of Salvatore DiGiovanni ("DiGiovanni Aff.") (Dkt. No. 19) ¶ 1, Ex B. On his application, plaintiff stated that he had worked as a

---

[1] As plaintiff's complaint's complaint contains virtually no factual allegations, the facts are assembled from the documents attached to the complaint and submitted in support of defendant's motion.

1

security guard in the past and had served in his native country's Medical Military Service Department for one year. Id., Ex. B. In response to a question regarding his ability to operate job-related equipment, plaintiff said that he was capable of using, inter alia, firearms, machine guns, and counter-intelligence and counter espionage equipment. Id. In the signature block of his application, in lieu of a signature, there is a stamp that includes his name, a fingerprint, and the words "God is Great and In God We Trust." Id. FJC did not hire plaintiff. Id. ¶ 14.

After he was not accepted for the security guard position, plaintiff filed a verified complaint with the New York State Division of Human Rights ("SDHR") alleging employment discrimination by the FJC. Compl.; Decl. of Scott A. Weiss ("Weiss Decl.") (Dkt. No. 18), Ex. D. The complaint, which was assigned Federal Charge Number 16GA902155, indicated that he had suffered discrimination on three occasions in January, July, and August 2008. Plaintiff claimed that the FJC had discriminated against him because of, inter alia, his age, in that FJC favored younger applicants; race, in that he was Middle Eastern and FJC mostly hired black and Hispanic applicants; disability, in that he apparently had some sort of cyst requiring surgery and work compensation; sex, in that FJC preferred to hire females; and sexual orientation, in that plaintiff was heterosexual and FJC privileged homosexual applicants. Id. On February 4, 2010, the SDHR issued a determination and order stating that its investigation of plaintiff's complaint "did not support [his] allegations that [FJC] unlawfully refused to hire him because of his membership in several protected classes." Id. The determination informed plaintiff of his right to request a review of the determination by the U.S. Equal Employment Opportunity Commission ("EEOC"). Id. Plaintiff appears to have done so, and, on July 28, 2010, the EEOC issued a dismissal and notice of rights stating that it had adopted the findings of the state agency

and informing plaintiff of his right to sue within ninety days of the EEOC's letter.[2] Compl. at 2.

On October 25, 2010, plaintiff filed the instant action against FJC alleging that it had discriminated against him on numerous grounds. On July 29, 2011, FJC served plaintiff with a motion to dismiss. Plaintiff was granted three extensions of time in which to oppose defendant's motion but ultimately did not file a response. On June 22, 2012, the court issued an order stating that it intended to treat defendant's motion as one for summary judgment. At the court's direction, defendant provided plaintiff with notice, pursuant to Local Civil Rule 12.1, apprising him of the need to file documents in support of his complaint in order to avoid potential dismissal. See Dkt. Nos. 22, 23. Plaintiff again filed nothing with the court. For the reasons stated below, defendant's motion to dismiss is granted.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed issues but to determine whether there is a genuine issue to be tried. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks and ellipses omitted)).

In assessing whether summary judgment is appropriate, the court considers "the

---

[2] The July 28, 2010 dismissal and notice of rights letter lists the EEOC charge number as 16G-2009-01255, which appears to correspond with the Federal Charge Number listed on plaintiff's complaint to the SDHR, i.e., 16GA902155.

3

pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) (quoting In re Bennett Funding Grp., Inc., 336 F.3d 94, 99 (2d Cir. 2003) (internal quotation marks omitted)); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Once this burden is met, in order to avoid the entry of summary judgment against it, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998). In reviewing the record before it, "the court is required resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (citing Anderson, 477 U.S. at 255).

## II. The Timeliness of Plaintiff's Claims

To be timely, a Title VII claim must be filed within ninety days of receipt of an EEOC right-to-sue letter. See 42 U.S.C. § 2000e-5(f); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 (1984); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 144 (2d Cir. 1984). Pointing to an EEOC right-to-sue letter attached to their moving papers and dated April 1, 2009, see Weiss Decl., Ex. B, defendant asserts that plaintiff's complaint should be dismissed because his claims were not timely brought. That letter appears to have involved a charge against FJC, insofar as FJC is carbon copied on the notice letter. However, it is not clear that it involved the same underlying activity about which plaintiff complained to the SDHR and which plaintiff seeks to have vindicated in this federal action, particularly given the fact that plaintiff

attached a different right-to-sue letter to his complaint that appears to correspond with his complaint to the SDHR. As such, the court cannot find plaintiff's suit untimely based on the April 1, 2009, right-to-sue letter. Instead, in determining the timeliness of plaintiff's claims, it is appropriate to look to the date of the right-to-sue letter attached to the complaint. That letter is dated July 28, 2010, which would have given plaintiff until at least October 26, 2010 to bring a claim in federal court. Because plaintiff filed his suit on October 25, 2010, the court finds it to be timely.

### III. Defendant is Entitled to Summary Judgment

Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Analysis of Title VII claims are evaluated under the three-part burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See, e.g., Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005). Under this framework, a plaintiff bears the initial burden of making out a prima facie case of discrimination by showing, by a preponderance of the evidence, that (1) he is a member of a protected class; (2) he was qualified for the position sought; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See, e.g., Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 767 (2d Cir. 2002). The burden of proof at this stage has been characterized as "'minimal' and 'de minimis,'" Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (quoting Zimmerman v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001)), but "it is not non-existent," Almond v. Westchester Cnty. Dep't of Corr., 425 F. Supp. 2d 394, 399 (S.D.N.Y. 2006). If a plaintiff carries this initial burden, the burden shifts to the defendant to identify "'some legitimate,

nondiscriminatory reason'" for its action. Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010) (quoting McDonnell Douglas, 411 U.S. at 802). If the defendant meets this burden, "the burden of production shifts back to the plaintiff to demonstrate that the legitimate reasons offered are pretextual." Hill v. Rayboy-Brauestein, 467 F. Supp. 2d 336, 350 (S.D.N.Y. 2006) (citing Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004)).

Here, plaintiff fails entirely to make out a prima facie case of discrimination. Even when liberally construed and supplemented with the claims contained in his complaint to the SDHR, plaintiff's allegations amount to nothing more than generalized assertions that FJC discriminated against him on a variety of different grounds. Mere speculation and conclusory allegations of discrimination are insufficient to meet plaintiff's burden of establishing a prima facie case. See Little v. New York, No. 96-CV-5132, 1998 Dist. LEXIS 21797 (E.D.N.Y. June 8, 1998) ("[A] plaintiff's speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference of discrimination to be drawn."), aff'd 173 F.3d 845 (2d Cir. 1999). Plaintiff's complaint is, thus, properly subject to dismissal.

While in other circumstances the court might be disposed to grant plaintiff leave to amend his complaint, it is not advisable to do so in this case because defendant's submissions show that amendment would be futile. See Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) ("[A] pro se complaint . . . should not be dismissed without granting leave to amend at least once when such a reading gives any indication that a valid claim might be stated." (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)). According to the affidavit of Salvatore DiGiovanni, who worked as FJC's Director of Human Resources during the relevant time period, plaintiff was not hired because he was not qualified and "because rather than signing his employment application, as required and

requested, he affixed a stamp of his name and apparent finger print," which Mr. Giovanni found to be highly unusual. DiGiovanni Aff. ¶¶ 14-15. Mr. Giovanni also found suspicious plaintiff's claimed ability to operate machine guns and counter espionage equipment given the lack of anything in plaintiff's background indicating that he would have training in such weapons and equipment. Id. ¶ 16. Additionally, plaintiff became so belligerent during the application process that at least one of FJC's human resource processors refused to continue to work with him. Id. ¶ 17. The court finds that these reasons are legitimate and nondiscriminatory for not hiring plaintiff and cannot imagine how plaintiff could demonstrate that they are pretextual. As such, any amendment to the complaint would be made in vain. Therefore, having informed the parties of its intention to treat the instant motion as one for summary judgment and having given them time to respond, the court grants summary judgment in favor of defendant.[3]

## CONCLUSION

For the foregoing reasons, defendant's motion (Dkt. No. 17) is granted, and summary judgment is entered in favor of defendant. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

S/Judge Ross

Allyne R. Ross
United States District Judge

Dated:   August 6, 2012
         Brooklyn, New York

---

[3] Plaintiff's utter neglect of this action also militates against dismissing the complaint with leave to amend, rather than awarding judgment to defendant. Since defendant served plaintiff with its motion to dismiss over a year ago, plaintiff has not filed anything in opposition, despite being granted numerous extensions of time to do so.

7

SERVICE LIST:

**Plaintiff:**

Hisham A. Khaleel
P.O. Box 2707
New York City, NY 10163-2707